OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

Gerald C. Mann
Attorney General

Honorable Weaver Moore, Chairman
Committee on State Affairs
The Senate
Austin, Texas

Dear Sir:

Opinion No. O-3226
Re: Constitutionality of Senate
Bill No. 108 (Exempting prop-
erty of Delta Kappa Gamma
Society from taxation)

You asked the opinion of this department as to
the constitutionality of Senate Bill No. 108, pending be-
fore your Committee of the Forty-seventh Legislature. The
caption of this Bill, which, for the purposes of this
opinion, will sufficiently indicate the nature thereof,
is as follows:

"A BILL
TO BE ENTITLED

AN ACT exempting from all City, County,
and State ad valorem and occupation
taxes, office or headquarters build-
ings, and lots purchased for the
erection of office or headquarters
buildings, in the State of Texas,
property owned by the Delta Kappa
Gamma Society; providing a saving
clause; and declaring an emergency."

Article VIII, Section 2, of our Constitution, pro-
vides in part as follows:

". . . The Legislature may, by general laws,
exempt from taxation public property used for
public purposes; actual places of religious wor-
ship, also any property owned by a church or by
a strictly religious society for the exclusive
use as a dwelling place for the ministry of such
church or religious society, and which yields

no revenue whatever to such church or religious society; provided that such exemption shall not extend to more property than is reasonably necessary for a dwelling place and in no event to more than one acre of land; places of burial not held for private or corporate profit; all buildings used exclusively and owned by persons or associations of persons for school purposes and the necessary furniture of all schools and property used exclusively and reasonably necessary in conducting any association engaged in promoting the religious, educational and physical development of boys, girls, young men or young women operating under a state or national organization of like character; also the endowment funds of such institutions of learning and religion not used with a view to profit; and when the same are invested in bonds or mortgages, or in land or other property which has been and shall hereafter be bought in by such institutions or foreclosure sales made to satisfy or protect such bonds or mortgages, that such exemptions of such land and property shall continue only for two years after the purchase of the same at such sale by such institutions and no longer, and institutions of purely public charity; and all laws exempting property from taxation other than the property above mentioned shall be null and void."

It is to be observed that the authority is conferred upon the Legislature to exempt property from taxation only with respect to property of the character and devoted to the purposes explicity mentioned in Article VIII, Section 2, of the Constitution, and, by express provision of the Constitution, such exemptions may be conferred only by general laws. The Act which you present for our consideration singles out a particular organization by name, to-wit, the Delta Kappa Gamma Society, and attempts to confer upon its property an exemption from taxation. It requires no citation of authority to establish the proposition that a law which singles out a particular organization or person by name is a special law, not a general law. For this reason, you are advised that Senate Bill No. 108 violates the provisions of Article VIII, Section 2, of our Constitution.

This opinion is not to be construed as an expression by this department that organizations of the character, generally, of the Delta Kappa Gamma Society may be, by general law, exempt from taxation under the provisions of Article VIII, Section 2 of the Constitution. By reason of the disposition hereinabove made of Senate Bill No. 108, we find it unnecessary to express an opinion at this time upon the question of the authority of the Legislature to exempt from taxation the property of organizations of the type of Delta Kappa Gamma, by general law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ R. W. Fairchild
R. W. Fairchild
Assistant

RWF:IM

APPROVED MAR 5, 1941
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY B. W. B. CHAIRMAN